IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD KING, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv626 |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Edward King, Jr., proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

<u>Factual Background</u>

Petitioner was previously convicted of conspiring to distribute cocaine. He was ultimately sentenced to 240 months imprisonment. He previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied by this court. *King v. United States*, 1:97cv705 (E.D. Tex. Jan. 25, 2000).

<u>Grounds for Review</u>

Petitioner asserts he is actually innocent of the drug quantity determined by the court and, as a result, was improperly sentenced. He also states he received ineffective assistance of counsel on appeal. He also asserts the Bureau of Prisons is miscalculating the amount of good time credits he earns in prison.

Analysis

*Claims Regarding Conviction and Sentence*

In contesting his conviction and the sentence as it was imposed by the court, petitioner is not challenging the method in which his sentence is being executed. While a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence itself. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). There is one exception to this general rule. A prisoner may utilize Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

A prior motion to vacate, set aside or correct sentence filed by petitioner was denied. As a result, petitioner asserts Section 2255 is not adequate or effective to test the legality of his conviction and sentence because, as petitioner has had a prior motion to vacate denied, he is to some extent barred from filing additional motions to vacate pursuant to Section 2255. However, as a petition filed pursuant to Section 2241 may not be used merely as a substitute for a motion to vacate filed under Section 2255, the burden is on the petitioner to come forward with evidence to show the inadequacy or ineffectiveness of a

2

motion filed under Section 2255.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

A motion to vacate filed pursuant to Section 2255 is not inadequate or ineffective to test the legality of a prisoner's detention merely because the prisoner cannot to meet the stringent statutory requirements for bring a successive motion to vacate.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. May 3, 2000).  However, one circumstance has been recognized in which Section 2255 is inadequate to test the legality of a prisoner's detention.  In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which:  (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner's grounds for review concerning his conviction and sentence do not meet the test set forth in *Reyes-Requena*.  These grounds for review are not based on a retroactively applicable Supreme Court decision which demonstrates petitioner was convicted of a nonexistent offense or that his punishment was increased based on conduct which is not criminal.  Accordingly, petitioner has not demonstrated Section 2255 is inadequate to

challenge his detention with respect to these grounds for review. These grounds for review therefore may not be asserted in a Section 2241 petition.

*Improper Calculation of Good Time Credits*

Petitioner also asserts the Bureau of Prisons is miscalculating the amount of good time credits he earns while in prison.  The Bureau of Prisons has interpreted the applicable statute to provide that an inmate only accrues good time credits during the period of time he is actually incarcerated.  This results in inmates earning 47 days of good time credits per year. Petitioner asserts he should earn good time credits based on the length of his sentence, which would result in him earning 54 days of good time credits per year.

Title 18 U.S.C. § 3624(b)(1) provides, in part, as follows:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations ... credit for the last year or portion of a year of the term of imprisonment shall be pro-rated and credited within the last six weeks of the sentence.

28 C.F.R. § 523.20, the regulation promulgated by the Bureau of Prisons in order to implement Section 3624(b) was adopted through use of the notice-and-comment procedure provided for by the Administrative Procedures Act.  *McLean v. Crabtree*, 173 F.3d 1176, 1183 (9th Cir. 1999), *cert. denied*, 528 U.S. 1086 (2000).

4

Accordingly, the regulation is entitled to the deference provided for in *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).  Under *Chevron*, courts are instructed to initially examine the statute itself to determine whether Congress has spoken as to the precise issue in such a way that the intent of Congress is clear.  If the answer to this question is "no," because the statute is silent or ambiguous, court are to determine whether the interpretation adopted by the agency "is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

As the United States Courts of Appeals for the Seventh and Ninth Circuits have concluded, Section 3624(b) is ambiguous at least to the extent that it does not clearly support petitioner's argument that he should receive 54 good conduct time days for each year of his term of imprisonment, as opposed to 54 good conduct time days for each year he actually serves. *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheo-Camacho v. Hood*, 272 F.3d 1266, 1269 (9th Cir. 2001).  As a result, it must be considered whether the interpretation of the statute made by the Bureau--under which inmates receive 54 days of good time credits for each year actually served--is a permissible construction of the statute.

A court "may reverse an agency's construction of an ambiguous or silent statute only if [it finds the construction] to be 'arbitrary, capricious, or manifestly contrary to the

statute.'" *El Paso Elec. Co. v. F.E.R.C.*, 201 F.3d 667, 670 (5th Cir. 2000) (quoting *Chevron*, 467 U.S. at 844). "The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." *Chevron*, 467 U.S. at 843, n.11. "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. The court should give the agency's interpretation of the statute great deference.[1]

After considering the text of Section 3624(b), the court is unable to conclude the Bureau's construction of the statute is impermissible. Under the Bureau's construction, an inmate only receives good conduct time days after he has served a particular period of imprisonment. This construction is supported by the statute's provision that good conduct time is only earned and awarded for exemplary compliance with institutional disciplinary regulations. Under petitioner's interpretation of the statute, he would be entitled to receive good conduct time days for a

---

[1] An agency's interpretation of a statue is only entitled to deference when Congress has vested the agency with the authority to "elucidate a specific provision of the statute by regulation." *Pacheco-Camacho*, 272 F.3d at 1270 (quoting *Chevron*, 467 U.S. at 843-44). Section 3624(b) does not explicitly vest the Bureau of Prisons with such authority, but the authority is impled by the Bureau's authority to grant good time credits. *Id*. Accordingly, 28 C.F.R. 523.20 falls within the implied authority of the Bureau of Prisons and is entitled to judicial deference. *Id.*

period of time he did not actually spend incarcerated. As he would not have been incarcerated during such period of time, he could not have demonstrated exemplary compliance with institutional disciplinary regulations during such time. Petitioner's interpretation of the statute would result in him receiving a windfall in the form of credit for good conduct time days he did not earn. The agency's interpretation of the statute is also supported by language in the statute stating that "a prisoner ... may receive credit toward the service of the prisoner's sentence, *beyond the time served*, of up to 54 days ...." (emphasis added).

For the reasons set forth above, the Bureau of Prisons' construction of Section 3624(b) is reasonable. *White*, 390 F.3d at 1003; *Pacheco-Camacho*, 272 F.3d at 1270-71 ("This interpretation comports with the statutory language of section 3624(b), and does not subvert the statutory design. It establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits ...."). The Bureau's interpretation must therefore be upheld.[2]

---

[2] In a recent case, *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit, in dicta, stated that the Bureau's interpretation of Section 3624(b) was permissible.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit. A final judgment will be entered denying the petition.

**SIGNED** this the **12** day of **July, 2006.**

_____
Thad Heartfield
United States District Judge